UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
JOSEPH LOWENDERN A/K/A
JOSEPH LOWENBIEN
on behalf of himself and all other
similarly situated consumers

                              Plaintiff,

        -against-


CONVERGENT OUTSOURCING, INC.

                             Defendant.

----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Joseph Lowendern a/k/a Joseph Lowenbien, seeks redress for the illegal practices of Convergent Outsourcing, Inc., concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Renton, Washington.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Joseph Lowendern*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about April 7, 2017, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The Plaintiff had disputed the said debt on multiple occasions with the Creditor.

12. The Plaintiff had never had an account with Optimum at the address of 1768 46th St Brooklyn.

13. The alleged Optimum account that the Defendant was seeking to collect upon was never owed by the Plaintiff.

14. The account that the Defendant was seeking to collect upon was non-existent; the Defendant made the Plaintiff believe that he in fact owed such an amount to Optimum when it was not the case.

15. Upon information and belief, the Defendant itself knew that the debt was fictitious as the Creditor did not even possess the Plaintiff's Social Security number, nor did it have any valid information pertaining to the Plaintiff.

16. Section 1692e of the FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt."

17. Section 1692(f) of the FDCPA states:

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

18. The Defendant misrepresented the legal status of the alleged debt, as the debt was not owed by the Plaintiff.[1]

19. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

20. The said April 7, 2017 letter was Defendant's initial communication with the Plaintiff.

21. Section 1692g of the FDCPA requires that, within 5 days of a debt collector's first

---

[1] See Lee v. Kucker & Bruh, LLP, 2013 U.S. Dist. LEXIS 110363, 2013 WL 3982427 (S.D.N.Y. Aug. 2, 2013) ("Defendants argue that they are not liable for violating the FDCPA because they did not know that they were misrepresenting that Mr. Lee's account was delinquent. ([Footnote 1] Defendants rely on the decision in Stonehart v. Rosenthal, No. 01 Civ. 651, 2001 U.S. Dist. LEXIS 11566, 2001 WL 910771, at *6 (S.D.N.Y. Aug. 13, 2001) (holding that to "state a claim under § 1692e(2) of the FDCPA, [the plaintiff] must show that [the debt collector] knowingly misrepresented the amount of the debt"), and similar district court cases inside and outside this circuit. These cases, however, are at odds with binding Second Circuit precedent. See also Goldman v. Cohen, No. 01 Civ 5952, 2004 U.S. Dist. LEXIS 25517, 2004 WL 2937793, at *10, n.11 (S.D.N.Y. Dec. 17, 2004), aff'd on other grounds, 445 F.3d 152 (2d Cir. 2006) (concluding that analysis in Stonehart contradicts the plain language of 1692k(c) and the law as stated by the Second Circuit). This argument is contrary to binding Second Circuit precedent. The Defendants here are strictly liable for their violation of § 1692e. This Court holds that the misrepresentation in the Three Day Notice, the Verification and the Petition for summary nonpayment eviction of a debt supposedly owed by Mr. Lee for rent and fuel charges, when in fact he was current on his payments, is a violation of § 1692e(2)(A)."), Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, No. 16-2165-cv, 2017 BL 407422 (2d Cir. Nov. 14, 2017) ("[S]ection 1692f contains a non-exhaustive list of unfair practices, including the collection of an invalid debt.")

communication to a consumer, it must provide consumers with several pieces of information – the amount of the debt, the 30-day validation notice and "(2) the name of the creditor to whom the debt is owed", see, 15 U.S.C. § 1692g(a).

22. It is not enough to provide the information required by § 1692g of the FDCPA; rather, that information must be effectively conveyed.[2]

23. When looking on the NYS Department of State Division of Corporations, one cannot find any such entity by the name of "OPTIMUM" registered.

24. There are actually over five hundred such entity names registered on NYS Department of State Division of Corporations that begin with the word "OPTIMUM".

25. An unsophisticated consumer is left in the dark as to which of those approximately five hundred entities on NYS Department of State Division of Corporations is in fact the creditor to whom the alleged debt is owed.

26. Defendant failed to state effectively "the name of the creditor to whom the debt is owed."[3]

27. Therefore, Defendant's form collection letter violates § 1692g(2) of the FDCPA.

---

[2] Datiz v. Int'l Recovery Assocs., No. 15-CV-3549 (ADS)(AKT), 2016 U.S. Dist. LEXIS 102695, at *14-33 (E.D.N.Y. Aug. 4, 2016). (The Court is not convinced that the least sophisticated consumer would be able to deduce from the caption, "Re: John T. Mather Hospital," that John T. Mather Hospital is the current creditor to whom the Plaintiff's debt is owed for purposes of Section 1692g(a)(2), particularly given the fact that the Letter does not specify the Defendant's relationship to John T. Mather Hospital.), McGinty v. Prof'l Claims Bureau, Inc., 2016 U.S. Dist. LEXIS 143627 ([Defendant's] Collection Letters are similarly deficient because: (i) the letters' captions, which read "Re: NSLIJ PHYSICIANS - DEPT OF ORTHOPEDIC SURGERY" and "Re: ST CATHERINE OF SIENNA," fail to identify the Medical Providers as Plaintiffs' current creditors; and (ii) the letters, which state that "[t]he above referenced account has been referred to our offices for collection," fail to make clear on whose behalf PCB was acting when it sent the Collection Letters.), Clomon v. Jackson, 988 F.2d 1314, 1993 U.S. App. LEXIS 4965 (2d Cir. Conn. 1993), Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 2003 U.S. App. LEXIS 3409, 55 Fed. R. Serv. 3d (Callaghan) 746 (2d Cir. N.Y. 2003), Savino v. Computer Credit, 164 F.3d 81, 1998 U.S. App. LEXIS 31652, 42 Fed. R. Serv. 3d (Callaghan) 1154 (2d Cir. N.Y. 1998), McStay v. I.C. Sys., 308 F.3d 188, 2002 U.S. App. LEXIS 21542 (2d Cir. N.Y. 2002) see also, 15 U.S.C. § 1692g(b)., Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008) citing Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996).

[3] Janetos v. Fulton, Friedman & Gullace, LLP, 2015 U.S. Dist. LEXIS 48774 (N.D. Ill., Apr. 13, 2015). (Thus, standing alone the fact that the form letter included the words "Asset Acceptance, LLC" [creditor] did not establish compliance with § 1692g(a)(2). The Act required [Defendant's] letter to identify Asset Acceptance as the "creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). The letter had to make that identification clearly enough that the recipient would likely understand it.), Dix v. Nat'l Credit Sys., Inc., No. 2:16-cv-3257-HRH, 2017 BL 386598 (D. Ariz. Oct. 27, 2017). (Similarly here, it is not sufficient that defendant listed [the creditor] in the "re" line. While defendant is correct that the FDCPA does not require it to use "magic words", it does require it to effectively convey to the debtor the name of the current creditor, which defendant failed to do.), Suellen v. Mercantile Adjustment Bureau, LLC, Case No. 12-cv-00916 NC, [2012 BL 421151], 2012 WL 2849651, at *6 (N.D. Cal. June 12, 2012). (observing that courts have held that "[m]erely naming the creditor without identifying it as the current creditor" is not sufficient for purposes of section 1692g(a)(2).)

28. An unsophisticated consumer is left confused as to who the creditor is in this case.[4]

29. Said letter is also deceptive and misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

30. Said April 7, 2017 letter is deceptive and misleading as it failed to correctly identify the name of the creditor to whom the debt is owed in violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692g and 1692g(a)(2).

31. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

32. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

33. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

34. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

35. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

---

[4] Beltrez v. Credit Collection Servs., 2015 U.S. Dist. LEXIS 160161 (E.D.N.Y. Nov. 25, 2015). ("As Plaintiff has stated a plausible claim that the Defendant's failure to explicitly and accurately name the creditor to whom the debt is owed would likely confuse the least sophisticated consumer as to the name of the actual creditor to whom the debt is owed, Defendant's motion must be denied."), Schneider v. TSYS Total Debt Mgmt., Inc., No. 06-C-345, 2006 WL 1982499 (B.D. Wis. July 13, 2006). ("[T]hroughout its briefs, [the debt collector] implies that the full and complete name of the creditor includes the name 'Target.' Yet, without the full and complete name of the creditor, be it Target National Bank, Target Customs Brokers, Inc., or a corporation that simply identifies itself by the acronym 'T.A.R.G.E.T,' it would be impossible for this court to decide whether [the debt collector] sufficiently identified the creditor to whom [the consumer's] debt is owed. Moreover, given that the full and complete name of the creditor is unknown, at least to the cornt, and given the fact-based nature of the confusion question, it would not be appropriate, at this early stage of the litigation, for the court to detennine whether the unsophisticated debtor would be confused by the collection letter."), Amina v. WMC Mortgage Corp., No. CIV. 10-00165 JMS, 2011 WL 1869835 (D. Haw. May 16, 2011). ("[A] genuine issue of material fact exists regarding whether [the debt collector] complied with § 1692g(a)(2)'s requirement that [the debt collector] identify the current creditor. [The debt collector] identified the creditor only as 'CHASE,' and it should go without saying that there are multiple Chase entities. Further, there is no evidence on the record establishing that Chase is indeed the current creditor."), Lee v. Forster & Garbus LLP, 12 cv 420, 2013 WL 776740 (E.D. N.Y. 2013) ("Defendants fare no better insisting that any misidentification in the Collection Letter was immaterial. As an initial matter, this argument only could apply to the alleged Section 1692e and Section 1692f violations. Section 1692(g)[(a)](2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the statute requiring the identity of the creditor to be "material" to the communication. In addition, even assuming, arguendo, that a deceptive statement must be material to violate Section 1692e and Section 1692f, failing to identify the creditor here 7 after "pay to the order of" on the payment check to ensure that the debt is satisfied. Accordingly, Defendants' materiality argument is without merit."), Pardo v. Allied Interstate, LLC, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. Sept. 21, 2015), Walls v. United Collection Bureau, Inc., 2012 U.S. Dist. LEXIS 68079, *4-5, 2012 WL 1755751 (N.D. Ill. May 16, 2012), Deschaine v. Nat'l Enter. Sys., 2013 U.S. Dist. LEXIS 31349, *3-5 (N.D. Ill. Mar. 7, 2013).

36. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

37. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

38. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

39. As an actual and proximate result of the acts and omissions of Convergent Outsourcing, Inc., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

40. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty nine (39) as if set forth fully in this cause of action.

41. This cause of action is brought on behalf of Plaintiff and the members of two classes.

42. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as

the letter sent to the Plaintiff on or about April 7, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

43. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about April 7, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692g and 1692g(a)(2) for failing to correctly identify the name of the creditor to whom the debt is owed.

44. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

45. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

46. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

47. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

48. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

49. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
March 28, 2018

/s/ Adam J. Fishbein
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

/s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

-9-

**Convergent**

ATERSO01
PO Box 1022
Wixom MI 48393-1022
CHANGE SERVICE REQUESTED

Convergent Outsourcing, Inc.
800 SW 39th St./PO Box 9004
Renton, WA 98057
Mon-Fri 8AM-5PM PT
877-227-0063

Date: 04/07/2017
Creditor: Optimum
Client Account #: ▮▮▮▮018
Convergent Account #: ▮▮▮▮220

| | |
|---|---|
| Amount Owed: | $ 226.87 |
| Equipment Cost: | $ 298.00 |
| Total Balance: | $ 524.87 |

Joseph Lowendern
1768 46Th St
Brooklyn NY 11204-1211

**Your Response is Requested**

Dear Joseph Lowendern:

This notice is being sent to you by a collection agency. The records of Optimum show that your balance of $ 524.87 is due in full.

If you have any questions about this account please contact our office toll free at 877-227-0063

Sincerely,

Convergent Outsourcing, Inc. 877-227-0063

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.**

---



**3 CONVENIENT WAYS TO PAY:**

Pay Online: Email our office or pay your bill online with your credit/debit card or checking account at www.payconvergent.com. Your temporary identification number is: ▮▮▮▮▮▮▮

Pay by Phone: Please call Convergent Outsourcing, Inc. at 877-227-0063. We offer check by phone, Western Union, and credit/debit card.

Pay by Mail: Send Payments to Convergent Outsourcing, Inc., PO Box 9004. Renton WA 98057-9004

PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT. BEFORE MAILING, PLEASE ENSURE RETURN ADDRESS APPEARS CORRECTLY THROUGH THE WINDOW OF THE REPLY ENVELOPE.

396749623
738ATERSO01T215

877-227-0063
Date: 04/07/2017
Creditor: Optimum
Client Account #: ▮▮▮▮018
Convergent Account #: ▮▮▮▮220
Total Balance: $ 524.87

Amount Enclosed: US _____

**New Address:**
Address: _____
City: _____ ST ____ Zip: _____
Daytime Phone: (____) _____-_____
Evening Phone: (____) _____-_____

If we are calling you in error, please call 855-728-9701 or visit our website at www.convergentusa.com.

Convergent Outsourcing, Inc.
PO Box 9004
Renton WA 98057-9004

00000000

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**Notice about Electronic Check Conversion:** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment and you will not receive your check back from your financial institution. Also, you authorize us to represent a check as an electronic fund transfer from your account if your payment is returned unpaid.

New York City Department of Consumer Affairs
License Number 1099671 in Washington State.  License Number 1249050 in Texas.  License Number 1099672 in Arizona.
You may call Jennifer Stanis at the toll free telephone number on the front side of this letter during normal business hours.

Debt collectors, in accordance with the federal Fair Debt Collection Practices Act, 15 *USC* §1692 *et seq.*, are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

    i)  The use or threat of violence;

    ii)  The use of obscene or profane language; and

    iii)  Repeated phone calls made with the intent to annoy, abuse, or harass.

"If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days."